522 August 6, 2025 No. 715

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Brittani K. POTTER,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
2023EAB1143;
A183100

Submitted July 7, 2025.

Brittani Potter filed the brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Claimant, appearing *pro se*, seeks judicial review of a final order of the Employment Appeals Board (EAB), which denied her application for Pandemic Unemployment Assistance (PUA). On appeal, claimant argues that the EAB erred in finding that she failed to show that her activities constituted self-employment. We review the EAB's order for "substantial evidence, substantial reason, and legal error," *Kroetch v. Employment Dept.*, 289 Or App 291, 297, 409 P3d 60 (2017). We affirm.

In May 2021, claimant submitted an affidavit, stating, "My self-employment business has been substantially affected and destroyed by the pandemic['s] effect on our economy." Her business consisted of "recycling" women's clothing by acquiring those items at Goodwill or other no-cost or low-cost sources and then reselling those items at swap meets or on Facebook. Goodwill closed temporarily during the pandemic under the orders of the state. When the store reopened, Goodwill imposed restrictions on purchases.

During the course of operating her business, claimant did not register as a business with the Oregon Secretary of State; she did not have a business license; she did not pay business taxes; neither did she make enough profit for her activity to be liable to pay income or self-employment taxes; and so she did not present to the Employment Department any business records or receipts.

EAB determined that claimant was not eligible for PUA, because she was not a "covered individual" under 15 USC § 9021(a)(3)(A). In her sole assignment of error, claimant challenges that ruling. Specifically, claimant asserts that she was a "covered individual" under 15 USC § 9021(a)(3)(A)(i)-(ii), because her recycling activities constituted self-employment. We understand claimant to assert that she was a "covered individual" under 15 USC § 9021(a)(3)(A)(i)-(ii), because she was a "self-employed individual[] who experienced a significant diminution of services because of the COVID-19 public health emergency." *U. S. Dep't of Labor, Unemployment Insurance Program Letter, No. 16-20*, Change 2 (July 21, 2020) at 2 (providing that, as authorized by 15 USC § 9021(a)(3)(A)(i)-(ii), PUA benefits

are available to certain self-employed individuals). The EAB determined that claimant did not qualify as a "self-employed individual," however, because she was not an individual whose "primary reliance for income is on the performance of services in the individual's own business, or on the individual's own farm." 20 CFR § 625.2(n) (defining "self-employed individual"). On this record, we can discern no error in EAB's determination. As EAB concluded in an earlier benefits determination involving claimant, which EAB referenced in the order that is now before us on judicial review, the record does not show that anyone received a service or derived any benefit from claimant's clothing recycling activities. Consequently, we affirm EAB's order.

Affirmed.